# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MACK E. SIMMONS,

                Plaintiff,

v.

STARVED ROCK CASEWORK LLC,

                Defendant.

Case No. 20-CV-1684-JPS

**ORDER**

### 1.    BACKGROUND

Mack E. Simmons ("Plaintiff") filed a complaint pro se and a motion for leave to proceed *in forma pauperis* (i.e., without prepaying the filing fee). (Docket #1, #2). To allow a plaintiff to proceed *in forma pauperis*, the Court must first decide whether the plaintiff is able to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. § 1915(a), (e)(2)(B). For the reasons explained in this Order, the Court will grant Plaintiff's motion to proceed *in forma pauperis* and will allow Plaintiff's claim to proceed past this screening stage.

### 2.    PLAINTIFF'S INDIGENCE

First, the Court addresses the question of Plaintiff's indigence. Notably, Plaintiff need not show that he is totally destitute. *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). However, the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

Plaintiff avers that he is unemployed, unmarried, and has one dependent for whom he must provide monthly support in the amount of $300.00. (Docket #2 at 1). Moreover, Plaintiff claims that he has $1,790.00 in other monthly expenses but does not have any sources of income. (*Id.* at 2–3). Further, Plaintiff does not have any assets of value or any bank accounts. (*Id.* at 3–4). Based on these representations, the Court is satisfied that Plaintiff is indigent and cannot afford to prepay the filing fee. Therefore, the Court will grant Plaintiff's motion to proceed *in forma pauperis*.

## 3. LEGAL STANDARD

Notwithstanding the payment of the filing fee, when a plaintiff seeks to proceed *in forma pauperis*, the Court must screen the complaint. When screening a complaint, the Court must dismiss the complaint, or any portion thereof, if the plaintiff has raised claims that: (1) are legally frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that

possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (citation and alteration omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (alterations omitted).

To be sure, documents filed by pro se litigants are "to be liberally construed . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotations omitted). Yet, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). With the foregoing in mind, the Court evaluates Plaintiff's complaint.

**4.     ANALYSIS**

Plaintiff alleges that from July 2015 to October 2016, Defendant's employees regularly sexually harassed him. (*See* Docket #1–1 at 3–6). Plaintiff recounts how a co-worker named Jorge would approach him from behind and then touch his waist or hands or attempt to massage him. (*Id.* at 3). Plaintiff describes how another co-worker, Edgar, frequently came up to him at work and would touch Plaintiff's butt, and on one occasion touched

Plaintiff's "front private parts." (*Id.*) Also, Edgar repeatedly asked Plaintiff if he would like to go to the men's bathroom with him. (*Id.*) Plaintiff would politely indicate to Jorge and Edgar that he was not a homosexual, that he liked girls, and that he wanted them to stop. (*Id.*)

Plaintiff claims that another employee, Dennis, had walked by Plaintiff and given him "sexual looks" on at least ten occasions. (*Id.* at 3–4). Further, he describes incidents where his coworkers would chase him around the building, trying to touch him and taunting him with sexual remarks. (*Id.* at 4). He also recounts how another co-worker, Shaun, and Plaintiff's boss, Eric, would encourage the others' behaviors and, moreover, that Plaintiff's boss failed to intervene on Plaintiff's behalf. (*Id.*) Plaintiff avers that his boss occasionally made comments during the harassment. (*Id.*) He also claims that his boss' conduct gave the offenders the "green light" to continue their unwanted behavior towards Plaintiff. (*Id.*) Throughout his complaint, Plaintiff also alleges that he was an "inmate" at "Oakhill" during his employment with Defendant, and that because "parole or pre board" wanted inmates "to be working outside the fence," Plaintiff was scared to complain and lose his job with Defendant. (*Id.* at 5). Plaintiff described his work experience with Defendant as a "tragic ordeal." (*Id.* at 6).

"Hostile or abusive work environments are forms of sex discrimination under Title VII of the Civil Rights Act of 1964." *Lapka v. Chertoff*, 517 F.3d 974, 982 (7th Cir. 2008). In *Bostock v. Clayton County, Georgia*, 140 S. Ct. 1731 (2020), the Supreme Court held that discrimination based on sexual orientation constitutes sex discrimination under Title VII. *See also Hively v. Ivy Tech Cmty. Coll. of Ind.*, 853 F.3d 339, 351–52 (7th Cir. 2017) ("We hold only that a person who alleges that she experienced

employment discrimination on the basis of her sexual orientation has put forth a case of sex discrimination for Title VII purposes."). To establish a prima facie hostile work environment case, a plaintiff must show that he or she was (1) subjected to unwelcome sexual conduct, advances, or requests; (2) because of his or her sex; (3) that were severe or pervasive enough to create a hostile work environment; and (4) there is a basis of employer liability. *Lapka*, 517 F.3d at 982.

The Court finds that Plaintiff has sufficiently alleged a hostile work environment claim at this screening stage. Plaintiff avers that throughout his employment with Defendant, multiple co-workers would repeatedly grab his body, taunt him, and make sexually suggestive remarks. Plaintiff alleges that his coworkers harassed him because he was a heterosexual. According to Plaintiff, his supervisor, Eric, knew about and witnessed this conduct and did not intervene. Plaintiff claims that his boss's failure to act suggested to the offenders that such behaviors were tolerated in the workplace. Plaintiff avers that he has experienced "pain and suffering" as a result of his employment with Defendant. (Docket #1 at 4).

The Court notes that Plaintiff has supplied the Court with a copy of a "right-to-sue" letter from the Equal Employment Opportunity Commission, which shows that Plaintiff first brought this matter before the EEOC, as required by Title VII. *See* 42 U.S.C. § 2000e-5(e)(1), (f)(1); (Docket #1–2 at 1). This letter also indicates that Plaintiff has timely filed this action before this Court. *See* 42 U.S.C. § 2000e-5(f)(1); (Docket #1–2 at 1). Based on the foregoing, Plaintiff's hostile work environment claim against Defendant may proceed.

5. **CONCLUSION**

The Court will grant Plaintiff's motion to proceed *in forma pauperis* (Docket #2) and will allow Plaintiff's hostile work environment claim against Defendant to proceed past the screening stage.

Lastly, Federal Rule of Civil Procedure 4(c)(3) provides that the Court must order service by the U.S. Marshals Service if a plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See Williams v. Werlinger*, 795 F.3d 759, 760 (7th Cir. 2015). Congress requires the U.S. Marshals Service to charge a fee for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for service by mail is $8.00 per item mailed; for process served personally by the U.S. Marshals Service, the fee is $65 per hour. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the Court to order service by the U.S. Marshals Service because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. Thus, the Court will allow Plaintiff to elect, within **fourteen (14) days**, whether he desires service by the U.S. Marshals Service or whether he will obtain service of his own accord. If Plaintiff wants to effect service himself, he should simultaneously file a request for the Clerk of the Court to issue a service packet to him.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff shall file, within **fourteen (14) days**, a notice indicating which method of service he desires.

Dated at Milwaukee, Wisconsin, this 17th day of November, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge