UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**MACK E. SIMMONS,**

        **Plaintiff,**

    **v.**                       **Case No. 20-CV-1684**

**STARVED[1] ROCK CASEWORK,**

        **Defendant.**

## ORDER

Mack E. Simmons, who is representing himself, filed this action on November 6, 2021. (ECF No. 1.) On November 17, 2021, the Honorable J.P. Stadtmueller granted Simmons's motion for leave to proceed without prepayment of the filing fee. (ECF No. 5.) In screening Simmons's complaint, Judge Stadtmueller understood Simmons to be alleging sexual discrimination—specifically, "a hostile work environment claim." (ECF No. 5 at 5.)

The action was reassigned to this court upon all parties consenting to the full jurisdiction of a magistrate judge. (ECF Nos. 4, 9, 12.) Rather than answering the complaint, on January 31, 2022, defendant Starved Rock Casework moved for a more

---

[1] Simmons refers to the defendant as "Straved Rock Casework." (*See, e.g.*, ECF No. 1 at 1, 2, 4.) The defendant's name is properly "Starved Rock Casework."

definite statement. In accordance with Civil Local Rule 7(b), Simmons had 21 days in which to respond to the motion. He has failed to respond.

Pro se litigants are expected to know and follow all applicable procedural rules, including the Federal Rules of Civil Procedure and this court's Local Rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Simmons's failure to respond is reason enough to grant the defendant's motion. Civ. L.R. 7(d).

Nonetheless, when a pro se litigant fails to respond to a motion and has not been previously warned about the importance of complying with the court's Local Rules, the court will commonly give the pro se litigant a second chance to respond. But here the court finds this procedure inappropriate and unnecessary because it is clear from a review of Simmons's complaint that the defendant's motion should be granted.

A complaint ordinarily must stand on its own without reference to any other document. In other words, when a pro se litigant completes a complaint form, those few pages must contain the entirety of the plaintiff's allegations. It must be clear from the complaint who allegedly wronged the plaintiff and how those actions were allegedly unlawful.

Simmons left blank the portion of the complaint form where he was asked to provide a statement of his claim and state:

1. Who violated your rights;
2. What each defendant did;

3. When they did it;

4. Where it happened; and

5. Why they did it, if you know.

(ECF No. 1 at 2.)

It is only from reviewing the dozens of pages that Simmons included with his complaint (ECF Nos. 1-1; 1-2) that it is possible to get a sense of his claim. Although Judge Stadtmueller chose to consider those documents when he found that Simmons's complaint satisfied the low standard to proceed under 28 U.S.C. § 1915, the defendant is entitled to demand greater clarity before it must answer the complaint.

Therefore, Simmons must file an amended complaint. In doing so, he must take care to follow all the directions on the form. He must set forth in the amended complaint the full and complete basis for his claim without referring to any additional document. Documents may be attached only to support what is already set forth in the amended complaint. Moreover, an amended complaint completely takes the place of the original complaint. Therefore, the amended complaint must not attempt to refer back to or incorporate by reference any portion of the original complaint.

The court, however, declines to order that Simmons number his paragraphs, as the defendant requests. It has not been the practice in this district to require this of pro se litigants, and the court's standard forms do not call for it.

**IT IS THEREFORE ORDERED** that the defendant's motion for a more definite statement (ECF No. 14) is **granted**.

**IT IS FURTHER ORDERED** that no later than March 21, 2022, Mack E. Simmons shall file a complete amended complaint that fully complies with this order. **<u>Failure to do so may result in this action being dismissed</u>**.

**IT IS FURTHER ORDERED** that the Clerk shall provide Simmons with this court's Complaint for Non-Prisoner Filing Without a Lawyer (with Guide).

Dated at Milwaukee, Wisconsin this 1st day of March, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge